UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:18-cv-10995-NGM

| | |
|---|---|
| ABDUL SHABAZZ, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BHF BLUE WATER, LLC, | ) |
|     Defendant. | ) |

### ANSWER BY DEFENDANT, BHF BLUE WATER, LLC
### TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Defendant, BHF Blue Water, LLC (hereinafter "Defendant" or "Blue Water"), and answers the Amended Complaint and Demand for Jury Trial by the Plaintiff, Abdul Shabazz (hereinafter "Plaintiff"), as follows:

### GENERAL FACTUAL ALLEGATIONS

1. Blue Water lacks sufficient information to form a belief about the truth of an allegation contained in paragraph 1 of the Plaintiff's Amended Complaint.

2. Denied. Blue Water is a limited liability company organized under the laws of the State of Delaware.

3. Blue Water admits that it was doing business within the Commonwealth of Massachusetts on or about April 27, 2016.

4. Blue Water admits that Plaintiff was an employee of Blue Water on or about April 27, 2016.

5. Blue Water admits that, on or about April 27, 2016, Plaintiff was employed by the Blue Water as a seaman and a member of the crew of the F/V BLUE WATER.

1

6. Blue Water admits that it owned the F/V BLUE WATER on or about April 27, 2016.

7. Blue Water denies that it chartered the F/V BLUE WATER from some other person or entity such that on or about April 27, 2016, it was the owner *pro hac vice* of the F/V BLUE WATER.

8. Blue Water admits only that it owns the vessel, F/V BLUE WATER, and employed the Plaintiff as a seaman and a member of the crew of the F/V BLUE WATER, and that the vessel was not chartered by the Defendant.  The Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 8.

9. Blue Water admits only that it owns the vessel, F/V BLUE WATER, and employed the Plaintiff as a seaman and a member of the crew of the F/V BLUE WATER, and that the vessel was not chartered by the Defendant.  The Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 9.

10. Blue Water admits that the F/V BLUE WATER was in navigable waters on or about April 27, 2016.

11. Blue Water denies the allegations contained in paragraph 11 of the Plaintiff's Amended Complaint.

12. Blue Water denies the allegations contained in paragraph 12 of the Plaintiff's Amended Complaint.

## JURISDICTION

13. Paragraph 13 of Plaintiff's Amended Complaint contains a conclusion of law to which no response is required. To the extent that this paragraph contains allegations against the Defendant those allegations are denied.

14. Paragraph 14 of Plaintiff's Amended Complaint contains a conclusion of law to which no response is required. To the extent that this paragraph contains allegations against the Defendant those allegations are denied.

## COUNT I
## ABDUL SHABAZZ V. BHF BLUE WATER, LLC
## (JONES ACT NEGLIGENCE)

15. The Defendant repeats its responses in the preceding paragraphs as if fully restated herein.

16. The Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Amended Complaint.

17. The Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Amended Complaint.

18. Paragraph 18 of the Plaintiff's Amended Complaint contains a conclusion of law to which no response is required. To the extent that this paragraph contains allegations against the Defendant those allegations are denied.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to judgment in any amount.

## COUNT II
## ABDUL SHABAZZ V. BHF BLUE WATER, LLC
## (GENERAL MARITIME LAW - UNSEAWORTHINESS)

19. The Defendant repeats its responses in the preceding paragraphs as if fully restated herein.

20. The Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Amended Complaint.

21. The Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Amended Complaint.

22. Paragraph 22 of the Plaintiff's Amended Complaint contains a conclusion of law to which no response is required. To the extent that this paragraph contains allegations against the Defendant those allegations are denied.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to judgment in any amount.

## COUNT III
## ABDUL SHABAZZ V. BHF BLUE WATER, LLC
## (GENERAL MARITIME LAW - MAINTENANCE and CURE)

23. The Defendant repeats its responses in the preceding paragraphs as if fully restated herein.

24. The Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Amended Complaint.

WHEREFORE, the Defendant denies that the Plaintiff is entitled to judgment in any amount.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

By way of affirmative defense the Defendant states that the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

By way of affirmative defense, the Defendant says that if the Plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the

4

Defendant was not and is not legally responsible.

### THIRD DEFENSE

By way of affirmative defense, the Defendant states that the Defendant's liability, if any, is limited pursuant to the provisions of the Limitation of Liability Act, 46 U.S.C. §§30505, et seq. (formerly 46 U.S.C. §183).

### FOURTH DEFENSE

By way of affirmative defense, the Defendant states that the incident alleged in the Complaint, and the damages the Plaintiff alleges he sustained as a result of the incident, were due to the negligence or other wrongful acts of omissions of persons or entities other than the Defendant; however, in the unlikely event that a finding is made that negligence exists on the part of the Defendant, which proximately contributed to the damages alleged in the Complaint, the Defendant's liability, if any, which is expressly denied, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and the damages upon which the Plaintiff seeks recovery.

### FIFTH DEFENSE

By way of affirmative defense, the Defendant states that the incident alleged in the Complaint, and the damages the Plaintiff alleges he sustained as a result of the incident were due to the negligence or other wrongful acts or omissions of persons or entities other than the Defendant; however, in the event that a finding is made that liability exists on the part of the Defendant, which is herein expressly denied, the Defendant is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective faults.

## SIXTH DEFENSE

By way of affirmative defense, the Defendant states that the incident alleged in the Complaint, and the damages the Plaintiff alleges were sustained as a result of the incident, were caused by intervening and superseding causes and were not caused by the Defendant.

## SEVENTH DEFENSE

By way of affirmative defense, the Defendant states that the incident alleged in the Complaint, and the damages the Plaintiff alleges he sustained, were not proximately caused by an act or omission on the part of the Defendant.

## EIGHTH DEFENSE

By way of affirmative defense, the Defendant states that the Plaintiff has failed to perform all required conditions precedent to bringing suit.

## NINETH DEFENSE

By way of affirmative defense, the Defendant states that the Plaintiff's injuries caused by his own failure to perform a duty imposed upon him by his employment.  Consequently, Plaintiff's recovery is barred by the Primary Duty Doctrine.

## TENTH DEFENSE

By way of affirmative defense, the Defendant states that the Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, statute of repose, and/or the equitable doctrines of laches and estoppel.

## ELEVENTH DEFENSE

By way of affirmative defense, the Defendant states that the Plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction, waiver, consent, estoppel, release and/or assumption of the risk.

**TWELFTH DEFENSE**

By way of affirmative defense, the Defendant states that if the Plaintiff suffered damages as alleged, which is specifically denied, said damages resulted in whole or in part from the Plaintiff's own negligence and failure to exercise the appropriate degree of care and skill required under the circumstances, and not due to any negligence or fault on the part of the Defendant or any persons for whom the Defendant is responsible, and the damages should be reduced to the extent that any of the damages are attributable to the negligence of the Plaintiff or that of his agents, servants, or employees.

**THIRTEENTH DEFENSE**

By way of affirmative defense, the Defendant states that if the Plaintiff's suffered damages, as alleged, such damages were caused by someone for whose conduct the Defendant were not and are not legally responsible.

**FOURTEENTH DEFENSE**

By way of affirmative defense, the Defendant states that the Plaintiff has failed to mitigate his damages.

**FIFTEENTH DEFENSE**

By way of affirmative defense, the Defendant claims all defenses available under state and federal law, statutes and regulations.

**SIXTEENTH DEFENSE**

By way of affirmative defense, the Defendant states that the forgoing affirmative defenses are raised by the Defendant without waiver of any other defenses that may come to light during the discovery proceedings in this care or otherwise.  The Defendant hereby reserves the

right to amend or supplement its Answer to assert any other related defenses as they become available.

## EIGHTEENTH DEFENSE

By way of affirmative defense, the Defendant states that the Plaintiff's injuries were caused by the willful misconduct of the Plaintiff which the Defendant is not responsible.

## DEMAND FOR JURY TRIAL

Defendant respectfully requests trial by jury on all issues so triable.

<div style="margin-left: 40%">

For the Defendant,
**BHF Blue Water, LLC,**
By its attorneys,

**REGAN & KIELY LLP**

/s/ Francis G. McSweeney
Joseph A. Regan, Esq. (BBO #543504)
Francis G. McSweeney, Esq. (BBO #682922)
88 Black Falcon Avenue, Suite 330
Boston, MA  02210
(617)723-0901
(617)723-0977 *facsimile*
jar@regankiely.com
fgm@regankiely.com

</div>

Dated: July 13, 2018

## CERTIFICATE OF SERVICE

I, Francis G. McSweeney, hereby certify that the foregoing document, filed through the ECF system, will be sent electronically to all registered participants as identified on the Notice of Electric Filing, and paper copies will be sent to those indicated as non-registered participants, on July 13, 2018.

/s/ Francis G. McSweeney